UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUI LI,

    Plaintiff,

v.                                                        Case No. 3:24cv327-TKW-HTC

MERRICK GARLAND, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Hui Li, proceeding *pro se*, has filed a petition for writ of mandamus, seeking to compel the United States to adjudicate his Form I-601 application for waiver of grounds of inadmissibility. After reviewing the petition, the undersigned *sua sponte* concludes this case should be dismissed for lack of jurisdiction.

**I.**     **Background**

Plaintiff attached a document to his petition from the "Immigrant Visa Section: U.S. Consulate General, Guangzhou."[1] Doc. 1 at 7. The document, dated May 31, 2024, indicates: (1) Plaintiff applied for an IR1 visa as the spouse of a U.S. citizen or permanent resident; and (2) the application was refused because Plaintiff

---

[1] Although Plaintiff provided a Freeport, Florida mailing address and states he resides there, his petition indicates "he has been stuck overseas for over three months" and he recently applied for a visa at a U.S. Consulate in China.

was ineligible to receive a visa under § 212(a)(6)(C) of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1182(a)(6)(C) (stating aliens who willfully misrepresent material facts while seeking to procure visas are inadmissible). The document also advised Plaintiff "a waiver may be available."

Plaintiff's petition asserts he submitted a Form I-601 application for waiver of grounds of inadmissibility on August 12, 2022, but has not yet received a decision regarding the waiver. He alleges the Government's failure to issue a decision in almost two years is unreasonable and violates federal law. He argues the Government has "a clear non-discretionary duty to process [his] case and he has a clear right to have [the government's] delay tested for compliance." Doc. 1 at 2.

## II. Discussion

Plaintiff suggests the Court has jurisdiction over his petition from three potential sources—the Mandamus Act, the Administrative Procedure Act ("APA"), and the Declaratory Judgment Act. However, for the reasons explained below, the undersigned finds none of these statutes provide a basis for jurisdiction and, thus, this case must be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A. Mandamus Act

The Mandamus Act provides "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus jurisdiction may be exercised 'only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available.'" *Hakki v. Sec'y, Dep't of Veterans Affairs*, 7 F.4th 1012, 1036 (11th Cir. 2021) (quoting *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011)). Mandamus is an extraordinary remedy and the party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable. *Id.* at 1036-37.

Here, Plaintiff maintains the Government is taking too long to issue a decision on his Form I-601 application for a waiver of inadmissibility. He claims that under 8 U.S.C. § 1571, his application should have been processed within 180 days.[2]

However, while § 1571 expresses a Congressional preference for having applications processed within 180 days, nothing in the statute mandates that the

---

[2] Section 1571(b) states "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application[.]" Section 1571(a) states "[t]he purposes of this subchapter are to: (1) provide the Immigration and Naturalization Service with the mechanisms it needs to eliminate the current backlog in the processing of immigration benefit applications within 1 year after October 17, 2000, and to maintain the elimination of the backlog in future years; and (2) provide for regular congressional oversight of the performance of the Immigration and Naturalization Service in eliminating the backlog and processing delays in immigration benefits adjudications."

Government issue a decision within any timeframe. *See Mashiach v. Mayorkas*, 2023 WL 9787581, at *4 (S.D. Fla. Nov. 27, 2023) (concluding § 1571(b) "does not create a duty to resolve Plaintiffs' I-601 Application within 6 months" and "[t]he language that 'it is the sense of Congress' that applications be resolved within 6 months is precatory and non-binding"); *Mafundu v. Mayorkas*, — F. Supp. 3d —, 2023 WL 5036142, at *3 (S.D. Fla. Aug. 8, 2023) ("The permissive wording of [§ 1571(b)] makes clear Congress did not impose a mandatory timeframe on USCIS's adjudication of waiver applications."). In other words, "there is no congressionally or administratively prescribed timeframe within which USCIS has a duty to process or adjudicate Form I-601 applications." *Mashiach*, 2023 WL 9787581, at *3 (cleaned up and citation omitted). Accordingly, because Plaintiff has not shown he has a right to a quicker decision or that the Government has duty to provide one, he cannot establish the first two requirements for mandamus jurisdiction. *Id.* at *4 (concluding the court "lacks jurisdiction under the Mandamus Act to compel the USCIS to act").

    **B.   APA**

Plaintiff also suggests the Court has jurisdiction to compel the Government to issue a decision on his waiver application under the APA. Doc. 1 at 2 (citing 5 U.S.C. § 706(1)) (stating a reviewing court shall "compel agency action unlawfully

withheld or unreasonably delayed"). However, the APA states it does not apply when "statutes preclude judicial review." 5 U.S.C. § 701(a)(1).

The INA contains a provision which specifically strips courts of jurisdiction to review the Government's actions with respect to the waiver application submitted by Plaintiff. Under 8 U.S.C. § 1182(i)(2), "[n]o court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver" for an alien deemed inadmissible under § 1182(a)(6)(C)(i). A majority of courts have interpreted the language "decision or action … regarding a waiver" to include not only challenges to the Government's ultimate decision on a waiver application but also challenges to the timing of the decision.[3] *See Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024) (holding provision which strips court of jurisdiction to review "a decision or action … regarding a waiver" barred plaintiff's challenge to the processing time of I-601A waiver application); *Mafundu*, 2023 WL 5036142, at *4 ("USCIS's decisions about how and when to adjudicate Form I-601A applications fall within the ambit of the expansive language Congress used when stripping federal courts of jurisdiction to review 'action[s]' regarding waivers"); *but see Lovo v. Miller*, — F.4th

---

[3] These courts were interpreting 8 U.S.C. § 1182(a)(9)(B)(v), the judicial review provision related to waivers for aliens deemed inadmissible because they were unlawfully present in the United States. However, both § 1182(a)(9)(B)(v) and § 1182(i)(2) contain the same relevant language. *Compare* 8 U.S.C. § 1182(a)(9)(B)(v) ("No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.") *with id.* § 1182(i)(2) ("No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1).").

—, 2024 WL 3280895 (4th Cir. July 3, 2024) (determining judicial review provision of INA does not strip courts of jurisdiction to review delays in adjudicating Form I-601A waivers because "the ordinary definition of 'decision or action' does not include inaction or delay" but nevertheless concluding court lacked subject matter jurisdiction because the APA does not permit judicial review of a challenge to agency action that is committed to agency discretion by law).  The undersigned agrees with the majority of courts which have addressed the issue and concludes the judicial review provision at issue here, 8 U.S.C. § 1182(i)(2), strips the Court of jurisdiction to hear Plaintiff's challenge to the processing of his Form I-601 waiver application. *See Dong v. Mayorkas*, 2024 WL 3498508, at *3 (E.D.N.Y. July 22, 2024) ("The majority of district courts to address whether courts have jurisdiction to review USCIS's delay in adjudicating Form I-601A waivers have concluded that § 1182(a)(9)(B)(v) precludes judicial review.").

  **C.** **Declaratory Judgment Act**

  Lastly, Plaintiff suggests the Court has jurisdiction over his petition pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  However, the Declaratory Judgment Act does not, by itself, provide an independent basis for jurisdiction. *See Aguilera v. District Director*, 423 F. App'x 916, 918 (11th Cir. 2011) ("The Declaratory Judgment Act does not establish an independent basis for federal jurisdiction."); *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (noting the

Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question") (citation omitted).  Thus, in the absence of any other basis for jurisdiction, Plaintiff's reference to the Declaratory Judgment Act is not sufficient to establish it.

Accordingly, it is RECOMMENDED:

That Plaintiff's petition for writ of mandamus, Doc. 1, be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

At Pensacola, Florida, this 30th day of July, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.